Porter, J.
delivered the opinion of the court. For a correct understanding of this case, it is necessary to state with accuracy the pleading; and the finding of the jury on the facts, submitted to them.
The plaintiff avers, that he is the true and lawful possessor, and proprietor, of a tract of land situated in the parish of Iberville, on the left bank of the river Mississippi, bounded on the upper side by land of Abner L. Duncan, and having a front of ten arpents with the ordinary depth.
That on the first day of January, 1809, and on several other days, and several other times between that day and the first day of September, 1817, Francis De Verbois and Dominique De Verbois, both of the parish of Iberville, entered on the land of the petitioner and then and there cut down trees growing thereon, to the value of $500, and carried them away; and that they still continue to commit trespasses of the same kind.
The petition concludes by a prayer, that the defendants may be condemned to pay the *710 sum of $500, and that they be enjoined from any further waste on the premises.
To this petition the defendants answered pleading the general issue:—title in themselves to 36 arpents of land in front on the left bank of the Mississippi, by virtue of a purchase made in the year 1807, and continued possession from that time.
They also opposed the plea of prescription, and prayed that the vendors might be cited in warranty.
On these pleadings, the following facts were found by the jury, on those submitted by the respective parties.
On behalf of the plaintiff, they found that Walker Gilbert purchased from Jacques De Villiers on the 30th day of May, 1808, the land mentioned in the petition, of ten arpents in front by forty in depth; but that he did not receive possession of it. That Villiers’ title consisted of an order of survey, dated the 3d October, 1796, which had been since confirmed by the commissioners of the land office of the eastern district, viz. in the month of January, 1812.
On the part of the defendants, they found that they (the defendants) have been in pos *711 session of the tract of 36 arpents, that they purchased it from Mayronne and Degruise, and that the ten arpents front form no part of it; that the title has been confirmed by the board of commissioners of the land office, and that the defendants have had possession since the year 1800. That Jacques De Villiers was the overseer of Mayronne and Degruise, on the tract of 36 arpents, but not on the ten arpents in litigation.
On this verdict, the district judge being of of opinion that the defendants had acquired a right to the premises by prescription gave judgment in their favour against the plaintiff for costs of suit, and the latter has appealed; and insists that it appears by the pleadings, the title was not put at issue, and therefore the judge erred in giving judgment against him in relation to it.
Two questions arise out of the proceedings in the district court, the one in regard to the damages alleged to be sustained by the trespasses committed on the property of the plaintiff; the other respecting the titles which the parties have set up.
The former so far from being established does not appear to have been even submitted *712 by the plaintiff to the jury. On this point then, the district court certainly did not err in giving judgment for the defendants.
On the latter, the counsel for the plaintiff is correct in saying, that by the petition and answer it does not appear the parties were at issue on the question of title, although they may have intended it. The plaintiff avers, that he owns ten arpents of land in front, and the defendants say that they are proprietors of 36; both of which assertions may be true, but must be considered wholly unimportant, unless the title call for the same land. This the parties have not told us they do; and if they do not, we cannot examine them. We cannot assist parties in ascertaining their rights to property, unless these rights conflict with those of others; we cannot notice their abstract pretensions.
This fact, however, of the titles not interfering, does not rest on the pleadings alone. The inquiry was gone into on the trial, and the jury found it as both parties had asserted. The third fact submitted by the defendants was in the following words :—" The defendants purchased a tract of land of 36 arpents from Mayronne and Degruise on the 28th December, 1807, of which the ten arpents in dispute *713 are a part." To which the jury replied "yes; the defendants have purchased the tract of 36 arpents; the tract of ten arpents does not make a part of make a part of it." On this finding, we are also of opinion, the court did not err in giving judgment for the defendants with costs.
Hennen for the plaintiff, De Armas for the defendants.
It is therefore ordered, adjudged and decreed, that that judgment be affirmed with costs.